**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**TERRY PRIESTER, JR., a minor,**                                                        **PLAINTIFFS**
**by and through his parents, TERRY
PRIESTER, SR. and EVE PRIESTER**

**V.**                                                                                       **CASE NO. 1:03CV90**

**STARKVILLE SCHOOL DISTRICT;
PRINCIPAL LEON CLARK, individually and in his official capacity;
COACH BILL LEE, individually and in his official capacity;
SPENCE RODMAN, individually and in his official capacity;
COACH JOHN PATTON, individually and in his official capacity;
TATE FISCHER, individually and in his official capacity;
TONY BUCKHALTER, individually and in his official capacity;
BILL COOK, individually and in his official capacity;
DANNY CARLISLE, individually and in his official capacity;
HEATH GRANT and LANCE FREEMAN**                      **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court on separate motions for summary judgment filed by two of the defendants in the above-styled case [37-1; 42-1]. The Court has reviewed the briefs and exhibits and is prepared to rule on both of these motions.

The plaintiff is Terry Priester, Jr. who, at the time of the incidents underlying this lawsuit, was a junior at Starkville High School in Starkville, Mississippi. Terry is also represented by and through his parents, Terry, Sr. and Eve. There are numerous defendants, but the two who seek summary judgment in the instant motions are Heath Grant and Lance Fremin.[1] Both Grant and Fremin were students at Starkville High School at the time of the incidents underlying this lawsuit.

---

[1] Fremin's last name is erroneously listed as Freeman on the docket sheet. To avoid confusion, the Court will continue to use Freeman in the style of the case, but Fremin in the memorandum and opinion.

More specifically, Grant and Fremin were white football players and teammates of Terry. This suit arises from an incident in which Grant, Fremin and other unidentified student athletes physically assaulted Terry in the Starkville High School's locker room following a football game which took place on November 23, 2001. Terry had transferred to Starkville High from the Lowndes County School District earlier that semester, and after an investigation by Coach Bill Lee, Terry was suspended from the football team and later had his transfer revoked by the Starkville School Board.

Terry subsequently filed his initial complaint against a number of persons, both individually and in their official capacities, on February 14, 2003. On June 30, 2003, Terry filed his first amended complaint which added Grant and Fremin to the list of defendants. On September 11, 2003, Terry moved for permission to file his Second Amended Complaint, and the magistrate subsequently granted this motion, giving Terry eleven days in which to file his amended complaint. However, Terry did not filed a Second Amended Complaint with the Clerk's Office, and no such complaint was ever docketed. As the time Terry was given for filing a Second Amended Complaint has long since run, the Court considers the First Amended Complaint to be controlling. Under that complaint, Terry raises claims under 42 U.S.C. § 1981, 1983, 1985 and 1986, as well as Title VII of the Civil Rights Act of 1964 as amended by 42 U.S.C. § 2000(d). Grant and Fremin now seek summary judgment.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson

v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

The First Amended Complaint does not identify any specific claims against Grant or Fremin, instead stating that all of the defendants are guilty of violations of §§ 1981, 1983, 1985 and 1986, as well as his rights under Title VII.

Section 1981 bars discrimination on the basis of race in the making of contracts. 42 U.S.C. § 1981. The Court perceives no basis under which Grant and Fremin could be found guilty of violating Terry's rights under § 1981. Accordingly, summary judgment is GRANTED as to this issue.

There are three elements to establish liability through a Section 1983 action: (1) the plaintiff has been deprived of a right secured by federal law, (2) the deprivation occurred under color of state law, and (3) the deprivation was caused by a state actor. Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004). In the case at bar, the Court assumes for summary judgment purposes that Grant and Fremin did assault Terry, which may be considered for § 1983 purposes to be a deprivation of his right to be free of bodily harm. However, there is no evidence whatsoever that either Grant or Fremin (both of whom were high school students at the time of the alleged assault) was a state actor amenable to suit under § 1983. There is no evidence that either of them acted under color of state law or conspired with a state actor to bring about any deprivation of Terry's rights. Accordingly,

summary judgment is GRANTED as to all of Terry's § 1983 claims against them.

Section 1985 has three separate provisions, but only the third provision is applicable to private actors such as Grant and Fremin.[2] The elements of a cause of action under § 1985(3) require the plaintiff to allege:

> that the defendants did (1) 'conspire or go in disguise on the highway or on the premises of another' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.' It must then assert that one or more of the conspirators (3) did, or caused to be done, 'any act in furtherance of the object of (the) conspiracy,' whereby another was (4a) 'injured in his person or property' or (4b) 'deprived of having and exercising any right or privilege of a citizen of the United States.'

Griffin v. Breckenridge, 403 U.S. 88, 102-103, 91 S.Ct. 1790, 1798 - 1799 (1971). The Fifth Circuit, in interpreting Griffin, has concluded that "the object of a Section 1985(3) conspiracy must be to deprive another of the enjoyment of legal rights by independently unlawful conduct. McLellan v. Mississippi Power & Light Co., 545 F.2d 919, 925 (5th Cir. 1977). A tortious act which is not the result of a race-based conspiracy does not give rise to § 1985(3) liability. McLellan, 5445 F.2d at 925 ("If the defendants have not conspired to act contrary to law, an object of a section 1985(3) conspiracy has not been made out and the section is inoperable, regardless of whether the legal rights of the plaintiff are somehow affected").

The Court accepts, for summary judgment purposes, that Grant and Fremin committed a tortious act by assaulting Terry. It even accepts that Grant and Fremin were motivated by racial animus towards Terry. However, there is no evidence that Grant and Fremin conspired within the

---

[2]Section 1985(1) creates a private right of action to recover damages against those who conspire to prevent a federal officer from performing his duties, while § 1985(2) creates a similar right of action against those who conspire to intimidate a party, witness or juror in a federal court. 42 U.S.C. § 1985(1)-(2).

4

meaning of § 1985(3) to assault Terry for the express purpose of depriving him of any constitutional right. Furthermore, the complaint itself does not allege the existence of any conspiracy between Grant and Fremin which might give rise to § 1985(3) liability. Accordingly, summary judgment is GRANTED to Terry's claims against the two on this issue.

Section 1986 states in relevant part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

42 U.S.C. § 1986. The complaint does not indicate the existence of any § 1985 conspiracy of which Grant and Fremin might have been aware which they had any power to prevent or deter. Accordingly, summary judgment is GRANTED as to this issue.

42 U.S.C. § 2000(d) prohibits racial discrimination on the part of any program or activity receiving Federal financial assistance. As this provision obviously does not apply to individuals such as Grant and Fremin, summary judgment is GRANTED as to this issue.

Although the assault that Grant and Fremin allegedly perpetrated on Terry might obviously be considered an intentional tort, Terry's Amended Complaint does not seek damages under any state law tort theories. Nevertheless, both Grant and Fremin, presumably out of an abundance of caution, point out that Mississippi's one-year statute of limitations on intentional torts bars any such claims against the two young men, as the alleged assault took place on November 23, 2001 and the initial complaint was not filed until February 14, 2003. See Miss. Code Ann § 15-1-35 (establishing one-year statute of limitations for assault and battery as well as other intentional torts). The Court is not

5

entirely persuaded that any such claims were ever raised by the complaint, but if they were, the Court agrees that they are time-barred.

## **CONCLUSION**

Based on the foregoing analysis, it is hereby ORDERED that the summary judgment motions of defendants Heath Grant and Lance Fremin [37-1; 42-1] are GRANTED and that all claims against them are DISMISSED. A separate order to that effect shall issue this day.

THIS the 12th day of May, 2005.

                                     **/s/ Michael P. Mills**
                                     **UNITED STATES DISTRICT JUDGE**