# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**TERRY PRIESTER, JR., a minor,**                    **PLAINTIFFS**
**by and through his parents, TERRY**
**PRIESTER, SR. and EVE PRIESTER**

**V.**                                                           **CASE NO. 1:03CV90**

**STARKVILLE SCHOOL DISTRICT;**
**PRINCIPAL LEON CLARK, individually and in his official capacity;**
**COACH BILL LEE, individually and in his official capacity;**
**SPENCE RODMAN, individually and in his official capacity;**
**COACH JOHN PATTON, individually and in his official capacity;**
**TATE FISCHER, individually and in his official capacity;**
**TONY BUCKHALTER, individually and in his official capacity;**
**BILL COOK, individually and in his official capacity; and**
**DANNY CARLISLE, individually and in his official capacity**        **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court on the plaintiff's cross-motion for summary judgment [55-1]; the defendants' motion to strike the plaintiff's cross-motion [57-1]; and the defendants' motion to strike the affidavit of attorney Alvin O. Chambliss, Jr. [58-1]. The Court has reviewed the briefs and exhibits and is prepared to rule on both of these motions.

The plaintiff is Terry Priester, Jr. who, at the time of the incidents underlying this lawsuit, was a junior at Starkville High School in Starkville, Mississippi. Terry is also represented by and through his parents, Terry, Sr. and Eve. This suit arises from an incident in which several student athletes physically assaulted Terry in the Starkville High School's locker room following a football game which took place on November 23, 2001. Terry had transferred to Starkville High from the Lowndes County School District earlier that semester, and after an investigation by Coach Bill Lee, Terry was suspended from the football team and later had his transfer revoked by the Starkville

School Board.

Terry subsequently filed his initial complaint against a number of persons, both individually and in their official capacities, on February 14, 2003. On June 30, 2003, Terry filed his first amended complaint. On September 11, 2003, Terry moved for permission to file his Second Amended Complaint, and the magistrate subsequently granted this motion, giving Terry eleven days in which to file his amended complaint. However, Terry did not filed a Second Amended Complaint with the Clerk's Office, and no such complaint was ever docketed. As the time Terry was given for filing a Second Amended Complaint has long since run out, the Court considers the First Amended Complaint to be controlling. In a recent order, the Court granted summary judgment to two of the defendants listed in the First Amended Complaint. Presently before the Court is Terry's Cross-Motion for Partial Summary Judgment and two Motions to Strike filed by the remaining defendants.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

Terry filed his cross-motion for summary judgment on February 17, 2005. As the defendants' note in their motion to strike, the dispositive motion deadline entered in this case was set for November 30, 2004, and the plaintiff made no effort to seek an extension of the filing date. Accordingly, the plaintiff's cross-motion for summary judgment is untimely and is subject to being struck for that reason.

Furthermore, even if the cross-motion had been filed in a timely manner, the Court would deny it for the reasons elucidated in the defendants' responsive pleadings. Specifically, while the cross-motion and its accompanying brief expound at length upon the history of race relations in this country from its founding through the Brown v. Board of Education decision to the present day, it fails in the fundamental purpose of a motion for summary judgment: identifying "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any" in order to "show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." In fact, the motion not only fails to identify any undisputed facts which compel summary judgment, it fails to articulate any comprehensible argument for why summary judgment should be granted.

Similarly, the Court also concludes that the defendants' motion to strike an affidavit submitted by Alvin O. Chambliss, Jr., counsel for the plaintiff, should be granted as well. As the defendants note, this affidavit sets forth conclusory statements that genuine issues of material fact exist, but fails to set forth any admissible personal knowledge in support of these assertions. Accordingly, the affidavit fails to satisfy the requirements of Rule 56(e) which states in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified

3

copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

F.R.C.P. 56(e).

Based on the foregoing, it is hereby ORDERED :

1. that the plaintiff's cross-motion for summary judgment [55-1] is DENIED;
2. that the defendants' motion to strike the plaintiff's cross-motion [57-1] is GRANTED; and
3. the defendants' motion to strike the affidavit of attorney Alvin O. Chambliss, Jr. [58-1] is GRANTED.

A separate order to that effect shall issue this day.

This is the 20th day of May, 2005.

                                **/s/ Michael P. Mills**
                                **UNITED STATES DISTRICT JUDGE**